# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAAIYAH HANIFAH GOLDSTEIN,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-1342** |
| | : | |
| **PRESIDENT AND CHIEF** | : | |
| **COUNSELOR DEPT. OF HEALTH,** | : | |
| **WASHINGTON, DC,** | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                   **JULY 6, 2022**

Plaintiff Daaiyah Hanifah Goldstein has filed a *pro se* Complaint ("Compl.) and a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) For the following reasons, Goldstein will be granted leave to proceed *in forma pauperis,* and her Complaint will be dismissed in part with prejudice pursuant and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). She will be granted leave to file an Amended Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Goldstein filed a form Complaint to commence this action. She names the following Defendants: (1) President and Chief Counselor Department of Health and Human Services; (2) Jefferson Hospital OBGYN/IVF Chair; (3) Regional Manager Barbara Holland Office; (4) Penn Medicine Executives; (5) Fire Department and President's Office. (Compl. at 2-3.) Goldstein invokes federal question jurisdiction and describes the basis for jurisdiction as follows: "Indie blogger should not be retaliated against because of my politics." (*Id.* at 3.) She claims that she

---

[1] The allegations set forth in this Memorandum are taken from Goldstein's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

was "[h]ospitalized and misdiagnosed by liberal physicians that have agendas to Washington DC." (*Id.* at 4.)  She alleges that hospitals and employees are aware of the relevant facts, and that much of the relevant information can be found in records and checks. (*Id.*)  She requests that medical records be sent from her (unidentified) lawyer's office "as an invoice to your lawyer's office." (*Id.* at 5.)  As relief, she references the Sixth Amendment and states "unspecified court records." (*Id.*)

II.     STANDARD OF REVIEW

Because Goldstein appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Goldstein is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

The Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

Goldstein alleges that she was retaliated against because of her political views but does not describe what form the retaliation took. She also refers to a hospitalization and alleged misdiagnosis of an unidentified condition. She does not describe how the named Defendants participated in the conduct described. She states that the events giving rise to her claim took place in 2016 and are ongoing. The Court cannot determine the nature of the relief Goldstein seeks. In sum, the factual basis for Goldstein's claims is far from clear.

However, upon review, and considering the Court's obligation to construe *pro se* filings liberally, the Court liberally construes the Complaint to be attempting to assert a First Amendment retaliation claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) and a state law claim for negligence. Both claims must be dismissed.

A. ***Bivens* First Amendment Retaliation Claim**

The Court construes Goldstein's claim against the "President and Chief Counselor for the Department of Health and Human Services" as a First Amendment retaliation claim brought pursuant to *Bivens*.[2] *Bivens* provides a judicially recognized remedy for certain constitutional violations committed by federal actors in limited circumstances.[3] Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Supreme Court has recognized an implied private action against federal officials in only four cases,[4] and most

---

[2] The remaining Defendants are not federal actors and not subject to a claim under *Bivens*.

[3] Although *Bivens* provides a remedy against federal actors, "[a]n action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Although Goldstein does not state whether she is asserting her claims against the Defendants in their individual or official capacities, the Court notes that Goldstein refers to the Defendants by the positions they hold. To the extent this reflects Goldstein's intent to assert her claims against the Defendants in their official capacities, the claims are in essence claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).

[4] The Court has recognized claims in: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate

4

recently has specifically held that no First Amendment retaliation claim is available under *Bivens*. *Egbert v. Boule*, 596 U.S. __ , 142 S.Ct. 1793 (2022). Accordingly, the Court concludes that Goldstein's First Amendment retaliation claim is not plausible and must be dismissed with prejudice.

  **B.  Medical Malpractice Claims**

Giving the most liberal construction to the sparse allegation in the remainder of the Complaint, the Court considers it best understood as seeking to assert a medical malpractice claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004). Goldstein's federal question claim is not plausible because none of the named Defendants is alleged to be a state actor or acting under color of state law. Rather, the Defendants appear to be entities providing medical services.[5] Also, because the United States Supreme Court has held that § 1983 claims may not be predicated on mere negligence,

---

medical care in the prison context under the Eighth Amendment; and (4) *Farmer v. Brennan*, 511 U.S. 825 (1994), which concerned a claim under the Eighth Amendment against prison officials for failure to protect a prisoner from violence by another prisoner. *Shorter*, 12 F.4th at 371-373 ("*Farmer* made clear[] . . . that an Eighth Amendment *Bivens* remedy is available to a transgender prisoner who has been assaulted by a fellow inmate.").

[5] In the caption of her Complaint, Goldstein refers to an unidentified "Fire Dept." (Compl. at 2.) The "Fire Dept." is not referenced in the body of the Complaint. Since the events Goldstein describes appear to have occurred in Philadelphia, the Court assumes she refers to the Philadelphia Fire Department. However, the Philadelphia Fire Department is not a separate legal entity that can be sued. *See* Pa. Stat Ann. 16257; *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (citing *Philadelphia v. Glim*, 613 A.2d 613,616 (Pa. Comm. Ct. 1992) (dismissing claim against fire department because all suits against city departments must be brought against city itself, because department do not have independent legal existence)).

*see Canton v. Harris,* 489 U.S. 378, 387 (1989), and because there is no other apparent basis for a claim arising under federal law, Goldstein's federal claims must be dismissed.

To the extent Goldstein seeks to assert state law claims, the Court, having dismissed her federal claims, will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Goldstein does not allege the citizenship of the parties. Rather, she provides only Pennsylvania addresses for herself and the Defendants, which suggests that she and some of the

Defendants may be Pennsylvania citizens. Thus, on the face of the Complaint, Goldstein has failed to meet her burden to show diversity of citizenship and cannot establish the Court's jurisdiction over any state law claims she intends to pursue.

Moreover, Goldstein has not adequately alleged that her claims satisfy the amount in controversy element of diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Goldstein does not specify any amount she seeks to recover – her claim for relief references only the Sixth Amendment and "unspecified court records." Even the most liberal interpretation of Goldstein's Complaint cannot lead to the plausible conclusion that she is entitled to recover $75,000 in damages. For this reason, too, she has not alleged plausible facts supporting the exercise of diversity jurisdiction. However, because the Court cannot state with certainty that Goldstein will never be able to allege the existence of diversity jurisdiction, she will be granted leave to amend to address this deficiency.[6]

---

[6] The Court notes, too, that Goldstein's Complaint does not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. However, "a

IV.   **CONCLUSION**

For the reasons stated, the Court will grant Goldstein's application for leave to proceed *in forma pauperis*, dismiss her federal claims with prejudice, and dismiss her state law claims without prejudice for lack of subject matter jurisdiction.  Goldstein will be granted leave to amend to address the deficiencies outlined herein.  An appropriate Order follows.

BY THE COURT:

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Goldstein's allegations are so vague that the named Defendants could not reasonably be expected to respond to them, therefore, the Complaint does not comply with Rule 8.  A complaint may be dismissed for failing to comply with Rule 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Goldstein should address this deficiency if she chooses to file an amended complaint.